IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WENDELL STUART,

    Petitioner,                    No. CIV S-03-0128 MCE JFM P

  vs.

T. CAREY, Warden, et al.,

    Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving a sentence of 16 years to life in prison following his 1981 Alameda County conviction on charges of second degree murder. Petitioner challenges the June 26, 2001 decision of the California Board of Prison Terms (Board) to deny him a parole date. Petitioner contends that there was no evidence to support the Board's decision, and that the denial was contrary to law.

## ANALYSIS

I. <u>Standards for a Writ of Habeas Corpus</u>

        Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

/////

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, __ U.S. __, 123 S.Ct. 1166, 1175 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

/////

II. <u>Petitioner's Claims</u>

The June 26, 2001 decision challenged herein was made at a subsequent parole consideration hearing. (<u>See</u> Exhibit C to Answer to Petition for Writ of Habeas Corpus, filed February 27, 2003.) In its decision, the Board concluded that petitioner was "not suitable for parole and would pose and unreasonable risk of danger to society or a threat to public safety if released from prison." (Ex. C to Answer, at 38.) The Board relied principally on petitioner's commitment offense and petitioner's previous record, which it described as "significant", to support the denial. (<u>Id</u>. at 38-39.) Petitioner claims that there was no evidence to support the Board's decision to deny him a parole date and that the decision was contrary to applicable provisions of state and federal law.

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts, see <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir.1985), and is unavailable for alleged errors in the interpretation or application of state law, see <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990). For this reason, petitioner's claims arising out of alleged violations of state law are not cognizable in this federal habeas corpus action.

California's statutory scheme governing parole "creates in every inmate a cognizable liberty interest in parole which is protected by the procedural safeguards of the Due Process Clause." <u>Biggs v. Terhune</u>, 334 F.3d 910, 914 (9th Cir. 2003); <u>see</u> <u>also</u> <u>Sass v. California Board of Prison Terms</u>, 461 F.3d 1123, 1127-28 (9th Cir. 2006). "'[T]he Supreme Court ha[s] clearly established that a parole board's decision deprives a prisoner of due process with respect to this interest if the board's decision is not supported by "some evidence in the record," or is "otherwise arbitrary."' " <u>Hayward v. Marshall</u>, 512 F.3d 536, 542 (9th Cir. 2008) (quoting <u>Irons v. Carey</u>, 505 F.3d 846, 851 (9th Cir. 2007) (in turn quoting <u>Superintendent v. Hill</u>, 472 U.S. 445, 457 (1985)).

/////

> California law allows the Board to consider a myriad of factors when weighing the decision of granting or denying parole. Parole may be denied if the Board "determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for [the] individual." Cal.Penal Code § 3041(b).

Biggs, at 915.

> The regulations governing the parole process provide six nonexclusive factors tending to show unsuitability for parole and nine nonexclusive factors tending to show suitability. The factors tending to show unsuitability are: (1) Commitment Offense; (2) Previous Record of Violence; (3) Unstable Social History; (4) Sadistic Sexual Offenses; (5) Psychological Factors; and (6) Institutional Behavior. 15 Cal.Code Regs. § 2402(c). In terms of the first factor, "Commitment Offense," the regulations explain that it tends to show unsuitability when "[t]he prisoner committed the offense in an especially heinous, atrocious or cruel manner." Id. at § 2402(c)(1). The factors indicating suitability for parole are: (1) No Juvenile Record; (2) Stable Social History; (3) Signs of Remorse; (4) Motivation for the Crime; (5) Battered Woman Syndrome; (6) Lack of Criminal History; (7) Age; (8) Understanding and Plans for the Future; and (9) Institutional Behavior. 15 Cal.Code Regs. § 2402(d).

Irons, 505 F.3d at 851 n.4. "Even though these suitability and unsuitability factors are helpful in analyzing whether a prisoner should be granted parole, California courts have made clear that the 'findings that are necessary to deem a prisoner unsuitable for parole,' Irons, 505 F.3d at 850, are not that a particular factor or factors indicating unsuitability exist, but that a prisoner's release will unreasonably endanger public safety." Hayward, at 543 (state law citations omitted).

Petitioner claims that there was no evidence to support application of any of the unsuitability factors to him, that there was substantial evidence to support application of several of the suitability factors to him, and that the evidence showed he would pose very little danger to the community if released.

Petitioner was received in state prison on October 28, 1981 following his September 15, 1981 conviction for second degree murder, kidnapping, and assault with a deadly weapon, all while armed with a firearm. (Ex. A to Answer.) Petitioner was sentenced to an

indeterminate term of sixteen years to life in prison. (Id.) Petitioner's initial parole consideration hearing was held on December 20, 1990, at which time parole was denied for a period of one year. (Ex. B to Answer, at 1.) The Board's June 26, 2001 decision was petitioner's sixth denial of parole. (Id. at 1a.)

As noted above, the Board relied principally on petitioner's commitment offense and his previous criminal history to support the denial of parole. The record reflects that there was some evidence before the Board to support both the description of petitioner's commitment offense and his criminal history. (See Records filed October 16, 2003.) Petitioner claims that these two factors alone are insufficient to support a finding of present dangerousness required to justify the denial of parole. Specifically, petitioner contends that he had been disciplinary-free for over ten years at the time of the June 2001 hearing and that the evidence showed he posed little threat to the community. (Petition, filed December 11, 2002, at 9.)

The record before the Board at the time of the June 2001 hearing contains substantial evidence contrary to the Board's conclusion that petitioner "would pose and unreasonable risk of danger to society or a threat to public safety if released from prison." In reports prepared December 12, 1995, April 22, 1998, and May, 2, 2000, all for parole hearings, correctional counselors found that petitioner "would probably pose a low degree of threat to the public . . . if released from prison." (Reports included in Records filed October 16, 2003.)[1] A psychiatric report prepared on October 17, 2000, also found petitioner would pose a "low degree of threat if released." (Report included in Records filed October 16, 2003.) Earlier psychiatric reports were similar. (See, e.g., Psychological Evaluation dated July 14, 1998, and Psychological

---

[1] By order filed September 11, 2003, respondents were directed to lodge the entire administrative record considered by the Board at the June 26, 2001 hearing. Respondents complied with this order on October 16, 2003. The records submitted by respondents include several documents that post-date the June 26, 2001 hearing which could not have been considered by the Board. Those records do show that, while petitioner had been disciplinary-free for almost thirteen years at the time of his June 2001 hearing, in March 2003 petitioner suffered a prison disciplinary conviction for mutual combat.

Evaluation for June 1996 calendar, included in Records filed October 16, 2003.) The October 17, 2000 psychological evaluation noted that petitioner had "zero classification points" and no disciplinary convictions since 1988. (Report dated October 17, 2000, included in Records filed October 16, 2003.)

Moreover, suitability findings made by the Board were generally, though not entirely, favorable to petitioner. In surveying petitioner's institutional record, the Board found petitioner had "programmed in a reasonable -- reasonably fair manner," had "upgraded vocationally," had a counseling chrono in 1998 for grooming standards but had no disciplinary convictions since 1998. (Id. at 39.) The Board also noted that petitioner needed to "firm" up his parole plans, and that the District Attorney's Office of Alameda County had voiced opposition to parole at the hearing. (Id.)

The United States Court of Appeals for the Ninth Circuit has held that after an inmate has "served the minimum number of years required by his sentence," Irons, 505 F.3d at 853, extended reliance solely "an unchanging factor, the circumstance of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation." Biggs at 917.[2]

The court has reviewed previous decisions denying petitioner parole.[3] The 1998 decision relied principally on petitioner's commitment offense and criminal history, but also on the perception that petitioner had "not participated in sufficient beneficial self-help and therapy programs" and that "recent gains" needed to be maintained. (Decision dated August 27, 1998, included in Records filed October 16, 2003.) The 1996 denial was predicated on similar reasoning. (Decision dated July 22, 1996, included in Records filed October 16, 2003.) The

---

[2] The parole decision at bar was made almost twenty years after petitioner's sixteen years to life sentence commenced.

[3] The court has not reviewed these decisions for their sufficiency but, rather, in an effort to determine the length of time on which the Board has relied primarily on petitioner's commitment offense and criminal history to deny parole.

6

1  1994 panel found, inter alia, that petitioner had "failed to upgrade educationally as previously
2  recommended by the Board." (Decision dated February 16, 1994, included in Records filed
3  October 16, 2003.)
4       The June 2001 decision to deny petitioner parole was the first denial of parole
5  premised almost entirely on petitioner's commitment offense and criminal history. The record
6  does not demonstrate that at the time of the June 2001 decision the Board had relied for an
7  extended period of time solely on these two unchanging factors. Moreover, while there was
8  certainly evidence in the record that might have supported a different decision by the Board, the
9  Board's determination that the positive evidence did not outweigh the gravity of petitioner's
10 commitment offense and criminal history did not, on the facts of this case, violate petitioner's
11 right to due process.
12      In accordance with the above , IT IS HEREBY RECOMMENDED that
13 petitioner's application for a writ of habeas corpus be denied.
14      These findings and recommendations are submitted to the United States District
15 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days
16 after being served with these findings and recommendations, any party may file written
17 objections with the court and serve a copy on all parties. Such a document should be captioned
18 "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that
19 failure to file objections within the specified time may waive the right to appeal the District
20 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
21 DATED: March 14, 2008.

UNITED STATES MAGISTRATE JUDGE

12
stua0128.157

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26